# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| CORNELL R. MANLEY | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:10-CV-04156-NKL |
| | ) | **ECF** |
| DAVE DORMIRE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER

Petitioner Cornell R. Manley ("Manley") was found guilty in Missouri state court of felony assault in the first degree and armed criminal action. He was sentenced to fifteen years for the assault and three years for the armed criminal action, for a total sentence of eighteen years. [Doc. # 1 at 9.] Manley now seeks habeas corpus relief in this court claiming that his lawyer was constitutionally ineffective. The Court denies his habeas corpus petition for the following reasons.

**I.      Legal Standards**

A state prisoner may obtain habeas corpus relief when a state conviction was (1) "contrary to, or involved an unreasonable application of, clearly established federal law" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)(2).

1

A lawyer is constitutionally ineffective when his representation falls "below an objective standard of reasonableness" and it is prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 688, 693 (1984). To establish prejudice there must be proof of a reasonable probability that the result would have been different but for counsel's deficient performance. "A 'reasonable probability' is one which is 'sufficient to undermine confidence in the outcome.'" *French v. United States*, 76 F.3d 186, 188 (8th Cir. 1996) (quoting *Strickland*, 466 U.S. at 694).

## II. Discussion

### A. Statute of limitations

A habeas corpus petition must be filed within one year of the final disposition of the state conviction. 28 U.S.C. § 2244(d)(1)(A). This includes a direct review of the judgment or the expiration of the time to seek review. However, "[t]he time during which a properly filed application for State post-conviction or other collateral review to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

In Missouri, a judgment becomes final in a criminal case when sentence is entered. Any appeal must be filed within ten days of the sentence. *State v. Harris*, 863 S.W.2d 699 (Mo. Ct. App. 1993). Therefore, Manley's state court judgment became final when the time to appeal his conviction expired on July 16, 2007, ten days after his eighteen year sentence was entered. (Resp. Ex. K). Thus, the one year habeas corpus limitation period began to run on July 16, 2007. However, the statute of limitations stopped running on August 2, 2007, when Manley filed his Motion for Post Conviction Relief in state court.

It began to run again when the mandate of the Missouri Court of Appeals affirming the denial of Manley's post-conviction relief motion was issued on July 22, 2009.

Once the post conviction relief proceedings became final on July 22, 2009, Manley had one year less sixteen days to file a petition for a writ of habeas corpus, which is July 6, 2010. Manley did not file it until July 20, 2010. [Doc. # 1.] His petition for habeas corpus relief is untimely and must be denied.

### B. Ineffective Assistance of Counsel

Even if Manley's petition for habeas corpus relief were timely, it fails on the merits because he has failed to show that any prejudice occurred as a result of his counsel's failure to object to Manley being tried in an orange jumpsuit.

As the Missouri Court of Appeals observed, "Mr. Manley failed to demonstrate prejudice from counsel's alleged deficient conduct because the evidence of his guilt was overwhelming." (Resp. Ex. J at 6.) In this case, "[t]wo eyewitnesses, Mr. Townson and the victim himself, identified Mr. Manley as the shooter; he was arrested shortly after the shooting near the nightclub; and the handgun used in the shooting was found in the glove compartment of the car in which Mr. Manley was riding in the passenger seat." (Resp. Ex. J at 6.) The finding by the Missouri Court of Appeals that Manley could not be prejudiced by his attorney's conduct is not an unreasonable determination of the facts in light of the evidence presented at trial. Nor did it involve an unreasonable application of federal law. Therefore, even if Manley's petition were timely, it would have failed on its merit.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). To satisfy this standard, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further." *Id*. See also *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted). For the reasons set forth in the Court's orders denying Manley's petition for habeas corpus relief, this case presents issues that are not deserving of appellate review under the above standard. Accordingly, it is hereby

ORDERED that issuance of a Certificate of Appealability is DENIED.

**IV. Conclusion**

For the foregoing reasons, Petitioner's Writ of Habeas Corpus fails. Accordingly, it is hereby

ORDERED that all grounds in the Petition are DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: May 17, 2011
Jefferson City, Missouri